# In the United States Court of Federal Claims

No. 26-743

Filed: June 16, 2026*

NOT FOR PUBLICATION

|  |  |
|---|---|
| **WEST PACIFIC-CMCS JV,** | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **UNITED STATES,** | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

**ORDER**

On May 19, 2026, West Pacific-CMCS JV filed its complaint, challenging the United States Space Force's ("USSF") award of the Western Range Operational Ordering Contracting for Infrastructure Enhancement Multiple Award Construction Contract (the "WOOKIE MACC"), Solicitation No. FA4610-25-R-0006.  WOOKIE MACC is an indefinite-delivery, indefinite-quantity ("IDIQ") contract that was to be awarded for a minimum of five years to up to five awardees to be eligible to complete firm-fixed-price task orders.

The plaintiff alleges that: (1) USSF arbitrarily and capriciously determined that West Pacific-CMCS's Relevant Experience Projects were unsubstantiated; (2) USSF's evaluation of bidders was arbitrary and capricious because its approach undermined the solicitation's goal to award the most experienced contractors; (3) USSF violated the Small Business Act by not referring West Pacific-CMCS for a certificate of competency; and (4) USSF unequally engaged in clarifications in violation of FAR 15.306(e)(1).  As relief, the plaintiff, among other things, requests an order "directing USSF *to terminate the contracts awarded* under the Solicitation and to reevaluate West Pacific-CMCS's proposal in line with the Solicitation's requirements."  (ECF 1 at 13) (emphasis added).

On June 4, 2026, JG Contracting, one of the four awardees, filed a motion to intervene in this protest under Rule 24(a) and 24(b) of the Rules of the Court of Federal Claims ("RCFC").

---

* Pursuant to the protective order in this case, this order was filed under seal on June 9, 2026, and the parties were directed to file a joint status report by June 15, 2026, proposing redactions of confidential or proprietary information.  No party proposed redactions, so the order is hereby released in full.

RCFC 24(a) requires intervention when (1) there is an unconditional right to intervene by federal statute, or (2) the intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  RCFC 24(a).  The plaintiff opposes the motion to intervene.

JG Contracting argues that it has the right to intervene because, as an awardee, it has a direct and immediate interest in the case, as its economic well-being may be affected by the resolution of this bid protest.

On June 8, 2026, the plaintiff filed its opposition to the motion to intervene.  The plaintiff argues that JG Contracting does not have the right to intervene because the contract award being protested is an IDIQ contract providing for multiple awardees.  According to the plaintiff, because USSF sought to award up to five IDIQ contracts and awarded only four, the plaintiff's challenge "presents no risk to JG Contracting's contract." (ECF 21 at 2.)  The plaintiff further argues that "[its] protest only challenges the agency's evaluation of its proposal."  (*Id.*)

A fundamental principle of litigation is that "the plaintiff is the master of the complaint," and the claims alleged in a complaint define the boundaries of the dispute.  *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 536 U.S. 826, 831 (2002).  Once a plaintiff establishes the scope of the litigation, a court is limited to resolving the issues raised and providing the relief sought.  *See United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020).  That principle is salient here because the plaintiff attempts to change the relief it seeks through its opposition to JG Contracting's motion to intervene.

In its opposition, the plaintiff argues that its allegations only address USSF's decision not to award it one of the five IDIQ contracts and that its challenge does not present a risk to JG Contracting and the other three awardees.  Based on the complaint, that assertion is plainly untrue.  The plaintiff seeks to terminate the contracts awarded.  The plaintiff's opposition to the motion misleads and ignores its own complaint.

To intervene as of right under Rule 24(a), an intervenor "must demonstrate that its interest in the matter is legally protectable, to the extent that it is of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment."  *Airboss Def. Grp., LLC v. United States*, 171 Fed. Cl. 240, 243 (2024).  Were the plaintiff granted all the relief it requests in its complaint, JG Contracting would be directly and immediately affected by the judgment, as its IDIQ contract with USSF would be terminated.

JG Contracting has the right to intervene under RCFC Rule 24(a).  Accordingly, JG Contracting's motion to intervene is **GRANTED**.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**